IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John C. Nelums; Delmarshi H. Nelums,<br><br>       Plaintiffs,<br><br>vs.<br><br>Hutchens Law Firm, LLP; John B. Kelchner; Lender Processing Services, Inc.; LPS Default Solutions; LPS Default Solutions Network; Fidelity National Title Insurance Company; Deutsche Bank National Trust Company; Ocwen Loan Servicing, LLC; Mortgage Electronic Registrat System; PHH Mortgage Services, John Do 1-10,<br><br>       Defendants. | C/A No. 3:21-cv-2161-JFA-PJG<br><br><br><br>**ORDER** |

## I.  INTRODUCTION

Plaintiffs John and Delmarshi Nelums, self-represented litigants, filed this action for damages and injunctive relief for purported violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to a Magistrate Judge for pre-trial proceedings.

After receiving and reviewing Plaintiffs' initial pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

opines that this action is frivolous and should therefore be dismissed without prejudice and issuance and service of process. (ECF No. 8)[2].

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiffs filed objections to the Report on September 16, 2021, to which they later filed additional supplements on September 20, 2021. (ECF Nos. 12 & 14). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

---

[2] A copy of this same Report was filed in a separate action brought by different plaintiffs but alleging the identical claims.  C/A No. 3:21-2162-MGL-PJG.

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.  DISCUSSION

Although Plaintiffs submitted over 160 pages in response to the Report, they have failed to present arguments that could be considered specific objections to the Report. A large portion of Plaintiffs' filing discusses the Federal Magistrates Act, its legislative history, and various circuit precedent surrounding review of Magistrate Judge's Reports and Recommendations—all of which have no bearing on the legal and factual determinations at issue in this case.

The remaining statements in the objections can only be described as a general displeasure with the various Defendants and Magistrate Judge herself. For instance, the objections state "false statements were made in each Case by Magistrate Judge Paige J. Gossett." (ECF No. 12, p. 12)(written as it appears in the original). Accordingly, Plaintiffs have failed to put forth any argument that, even when construed liberally, can reasonably be considered a specific objection.

Although Plaintiffs utilize the moniker "objection" throughout these filings, each "objection" is nothing more than a vague statement devoid of any reference to the Report and completely lacking in any support or citation. Much like Plaintiffs' complaint, these objections are "written with purported legal jargon that is not coherent." (ECF No. 8, p. 3). Accordingly, Plaintiffs have failed to offer specific objections to the Report.

In summation, the Plaintiffs' filings fail to offer any specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, with which they feel has been reached in error. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Because Plaintiffs have failed to offer any specific objections which would allow for a de novo review, the court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Consequently, this court has reviewed the Report and finds no error which would warrant any further action or correction.

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates herein by reference. (ECF No. 8). Consequently, the Court finds this action frivolous and summarily dismisses it without prejudice and issuance and service of process. Moreover, given this dismissal, Plaintiffs' motion for temporary restraining orders and permanent injunctions is denied as moot. (ECF No. 5).

IT IS SO ORDERED.

September 21, 2021                    Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge